NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-5012

PETER H. BEER, TERRY J. HATTER, JR., THOMAS F. HOGAN, RICHARD A. PAEZ, JAMES ROBERTSON, LAURENCE H. SILBERMAN, A. WALLACE TASHIMA, and U.W. CLEMON,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in case no. 09-CV-37, Senior Judge Robert H. Hodges, Jr.

ON MOTION

Before MAYER, BRYSON, and DYK, Circuit Judges.

Order for the court filed by Circuit Judge DYK. Concurrence filed by Circuit Judge MAYER.

ORDER

By order issued today, the en banc court has denied initial hearing en banc. Peter H. Beer et al. (the plaintiffs) move in the alternative for summary affirmance of the judgment of the United States Court of Federal Claims in case no. 09-CV-37. The United States responds and agrees that summary affirmance is appropriate. The plaintiffs reply.

The plaintiffs are eight current and former federal judges. On January 16, 2009, the plaintiffs brought suit in the Court of Federal Claims, seeking back pay and declaratory relief based on their assertion of an unconstitutional diminution of judicial

compensation due to the failure to receive cost-of-living salary adjustments (COLAs) to which they assert entitlement pursuant to the Ethics Reform Act of 1989. The United States moved to dismiss the complaint. On October 16, 2009, the Court of Federal Claims dismissed the complaint. In that October 16, 2009, order, the Court of Federal Claims stated:

> Plaintiffs acknowledge that the facts and the law of this case are controlled entirely by a ruling of the Court of Appeals for the Federal Circuit in Williams v. United States. Williams v. United States, 240 F.3d 1019 (Fed. Cir. 2001), reh'g denied, 240 F.3d 1366, cert. denied, 535 U.S. 911 (2002). They do not attempt to distinguish this case from Williams, or ask that we consider new or additional circumstances. Plaintiffs "do not oppose dismissal of the Complaint on the basis of the Williams precedent." See id.

Beer v. United States, No. 09-CV-37, at 1 (Fed. Cl. Oct. 16, 2009) (order dismissing complaint).

The plaintiffs appealed and filed a petition for hearing en banc. Within the petition for hearing en banc, the plaintiffs moved in the alternative for summary affirmance if the petition for hearing en banc were denied. As noted, the court today denies hearing en banc. In the ordinary course pursuant to Internal Operating Procedure 2, paragraph 4, the motion for summary affirmance was referred to the motions panel. We now rule on that motion.

In their motion for summary affirmance, the plaintiffs state:

> In the alternative, plaintiffs respectfully move for summary affirmance. As noted above, plaintiffs do not deny that their claims are foreclosed by the Williams precedent. Under that precedent, the decision below "is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994).

Pet. for Initial Hr'g *En Banc* or, in the Alternative, Mot. for Summ. Affirmance, Beer v. United States, No. 2010-5012, at 4-5 (Fed. Cir. Nov. 9, 2009).

In response, the United States notes:

> The United States agrees that summary affirmance of the Court of Federal Claims' October 16, 2009 decision is appropriate. Moreover, we do not disagree that the Court of Federal Claims' judgment can be summarily affirmed upon the ground cited -- i.e., that the Court of Federal Claims' "ability to grant plaintiffs the relief they seek" is foreclosed by this Court's decision in Williams v. United States, 240 F.3d 1019 (Fed. Cir. 2001).

Def.-Appellee's Resp. to Pl.-Appellants' Mot. for Summ. Affirmance, Beer v. United States, No. 2010-5012, at 2 (Fed. Cir. Nov. 12, 2009).

In sum, the parties are in agreement that this court's opinion in Williams v. United States, 240 F.3d 1019 (Fed. Cir. 2001), controls the disposition of this appeal by a panel of this court. In Williams, we reviewed a judgment of the United States District Court for the District of Columbia that held that the judges in that lawsuit were entitled to back pay and future COLAs under the Ethics Reform Act of 1989. We reversed the district court's judgment, holding that we were bound to do so by the Supreme Court's decision in Will v. United States, 449 U.S. 200 (1980). Williams, 240 F.3d at 1029. This court denied hearing en banc and subsequently denied rehearing and rehearing en banc in Williams.

The parties agree, and we must also agree, that Williams controls the disposition of this matter. Thus, we grant the motion for summary affirmance.

Accordingly,

IT IS ORDERED THAT:

The motion for summary affirmance is granted.

FOR THE COURT

JAN 1 5 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 1 5 2010

JAN HORBALY
CLERK

**ISSUED AS A MANDATE:** MAR 3 0 2010

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: _____ Date: 3/30/10

2010-5012

- 4 -

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-5012

PETER H. BEER, TERRY J. HATTER, JR., THOMAS F. HOGAN, RICHARD A. PAEZ, JAMES ROBERTSON, LAURENCE H. SILBERMAN, A. WALLACE TASHIMA, and U.W. CLEMON,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in case no. 09-CV-37, Senior Judge Robert H. Hodges, Jr.

MAYER, Circuit Judge, concurring.

I continue to believe Williams v. United States was wrongly decided for the reasons set out in my opinion dissenting from the refusal to rehear that case en banc. 264 F.3d 1089, 1090-93 (Fed. Cir. 2001). But neither Congress nor the Supreme Court has done anything in the interim that would warrant this court taking the matter up again.